# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEQUOYA D. QUINTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-15-466-SPS |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1] | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Sequoyah D. Quinton was the prevailing party in this action under the Social Security Act. Plaintiff originally sought an award of attorney's fees in the amount of $4,573.65. *See* Docket No. 35. The parties have now filed a Stipulation of Award of Attorney Fees Under the Equal Access to Justice Act [Docket No. 26], indicating that they have stipulated to a fee award in the amount of $4,400.00.

Upon review of the record herein, the Court finds that the stipulated amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 25] is hereby DENIED as moot, and the Commissioner's Stipulation of Award of Attorney Fees Under the Equal Access to Justice Act [Docket No. 26] is hereby GRANTED and that the Government is hereby ordered to pay the above-referenced amount to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 14th day of June, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**